IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

    Plaintiff,                          No. CIV S-09-1347 GGH P

    vs.

SACRAMENTO CRIMINAL
COURT DIVISION, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
2  U.S.C. § 1915A(b)(1),(2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989); Franklin v. Murphy, 745 F.2d
5  1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is
6  based on an indisputably meritless legal theory or where the factual contentions are clearly
7  baseless.  Neitzke, 490 U.S. at 327, 109 S.Ct. 1827.  The critical inquiry is whether a
8  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See
9  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

10       A complaint must contain more than a "formulaic recitation of the elements of a
11  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
12  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
13  "The pleading must contain something more...than...a statement of facts that merely creates a
14  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
15  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
16  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
17  v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at
18  570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content
19  that allows the court to draw the reasonable inference that the defendant is liable for the
20  misconduct alleged."  Id.

21       In reviewing a complaint under this standard, the court must accept as true the
22  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
23  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
24  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
25  1843 (1969).
26  /////

Plaintiff appears to challenge the validity of several convictions from Sacramento County. Plaintiff alleges that the court, judge, district attorney and his court appointed lawyer treated him unfairly. As relief, plaintiff seeks to "take [care] of business."

The purpose of a civil rights action brought pursuant to 42 U.S.C. § 1983 is to challenge conditions of confinement. The purpose of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is to challenge the validity of a conviction or sentence. Because plaintiff appears to challenge the validity of his convictions, the court construes this action as a petition for writ of habeas corpus. For that reason, the complaint is dismissed and plaintiff is directed to file a habeas corpus petition. Plaintiff is informed that he may challenge only one conviction in a habeas corpus petition. In other words, plaintiff may not challenge multiple convictions in one habeas corpus petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. The complaint is dismissed with thirty days to file a habeas corpus petition; failure to comply with this order will result in a recommendation of dismissal of this action;

4. The Clerk of the Court is directed to send plaintiff the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED: June 10, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

sm1347.b